**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| DEBORAH WALTON, ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
|   vs. ) | CAUSE NO.  1:07-cv-372-RLY-WTL |
| ) | |
| TRANS UNION, LLC, ) | |
| ) | |
|   Defendant. ) | |

## ENTRY ON MOTION FOR SANCTIONS

This cause is before the Court on a motion filed by Defendant Trans Union, LLC ("Trans Union") entitled Motion for Sanctions for Failure to Comply with Order Compelling Discovery and for Leave to Conduct Discovery and File Dispositive Motion After Deadline.  The motion is fully briefed, and the Court, being duly advised, **GRANTS IN PART** the motion to the extent and for the reasons set forth below.

Plaintiff Deborah Walton filed this case on March 20, 2007, alleging that Trans Union, a consumer credit reporting agency, violated the Fair Credit Reporting Act by erroneously reporting that Walton's Indiana Members Credit Union was thirty days past due.  In her complaint, Walton alleges that due to this error and Trans Union's failure to correct it, she has "suffered denials of credit, higher interest rates, larger down payments, mental anxiety, emotional suffering, worry, humiliation, and mental distress" and has incurred "liquidated damages" in the amount of $127,980.00, as well as attorney fees.  Walton also alleges that she is entitled to an award of punitive damages.

The discovery deadline in this case was January 15, 2008.  Well in advance of that deadline, on August 21, 2007, Trans Union sent Walton discovery requests, including

interrogatories and document requests. When Walton had not responded to the requests by December 12, 2007, Trans Union filed a motion to compel, which was granted on January 11, 2008. That entry ordered Walton to respond to the outstanding discovery requests within seven days and gave Trans Union until February 22, 2008, to complete its discovery. Implicitly recognizing that Walton's failure to cooperate with discovery had jeopardized the June 2008 trial date, that entry also recommended that the trial be continued to October or November 2008.

Walton complied with the Magistrate Judge's entry to the extent that she served discovery responses on January 18, 2008. Walton's responses are inadequate in several material respects, including, most fundamentally, that they are not signed by either Walton or her counsel. *See* Federal Rule of Civil Procedure 33(b)(5) ("The person who makes the answers must sign them, and the attorney who objects must sign any objections.").

Trans Union points to several other problems with Walton's responses, arguing, for example, that she made specious objections and improperly asserted the attorney-client privilege. It is not necessary to address all of Trans Union's arguments, however, because Walton's responses suffer from a glaring, and fatal, deficiency. With regard to five out of the sixteen interrogatories, each of which seeks information that is directly relevant to this case, Walton failed to provide any substantive response; instead, her answers state that she will provide the requested information later or that she is compiling the information needed to respond to the request. *See* Responses to Interrogatories 5, 7, 10, 11, and 15. These interrogatories seek, *inter alia*, information regarding the damages claimed by Walton, including what opportunities to purchase homes for resale she lost, what loans she was required to pay higher interest rates on and how much this cost her, the amount of attorney fees and costs she has incurred, and the basis for her claim of emotional distress. Walton's responses provide no specific information at all

regarding her damages calculation and the evidentiary support for her claimed damages, but rather promise to provide that information at some later date.  While that might have been legitimate had they been timely made in response to discovery requests that were served early in the case, before Walton had had time to prepare her case, they were not acceptable when they were made, several months late and after the close of discovery.  By January 18, 2008, the time for compiling information simply had run out.

Trans Union urges the Court to dismiss this case as a sanction for Walton's failure to respond to its interrogatories in an acceptable manner.  Federal Rule of Civil Procedure 37(b)(2)(A) provides for a variety of sanctions, including dismissal, for a party's failure to comply with a discovery order, and the Court agrees with Trans Union that Walton's responses were so inadequate that they constituted non-compliance with the Magistrate Judge's order.  However, the Court determines that rather than dismissal, the appropriate sanction is that set forth in Rule 37(b)(2)(A)(ii):  "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Specifically, because Walton failed to provide evidence supporting her claim for actual and/or punitive damages, she will not be permitted to seek those damages or introduce evidence regarding them at trial.  In other words, Walton's claim for damages is limited to the statutory damages of "not less than $100 and not more than $1,000" provided for in either 15 U.S.C. § 1681n or § 1681o.  In the event she is successful, pursuant to the relevant statutes Walton may also seek an award of attorney fees in an amount that is reasonable in light of the degree of Walton's ultimate success in this case.

In addition to the above evidentiary sanction, Federal Rule of Civil Procedure 37(b)(2)(C) provides that Trans Union is entitled to recover the reasonable expenses it incurred

3

in briefing the instant motion. Further, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Trans Union also is entitled to recover the reasonable expenses it incurred in filing its initial motion to compel. Trans Union shall file a brief motion with the appropriate affidavit(s) in support setting forth the expenses it has incurred, why it believes them to be reasonable, and whether it believes they should be paid by Walton, her counsel, or both. The motion shall be briefed pursuant to Local Rule 7.1.

Finally, the Magistrate Judge assigned to this case is requested to hold a status conference in order to determine whether, in light of this ruling, Trans Union needs to conduct any additional discovery. The Magistrate Judge also should establish an appropriate schedule for dispositive motions.

SO ORDERED:  05/12/2008

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Laura K. Allen
SCHUCKIT & ASSOCIATES PC
lallen@schuckitlaw.com

Robert J. Schuckit
SCHUCKIT & ASSOCIATES, P.C.
rschuckit@schuckitlaw.com

Christopher Ethan Kittell
MERKEL & COCKE
ckittell@merkel-cocke.com

Christopher Terrell Lane
SCHUCKIT & ASSOCIATES PC
clane@schuckitlaw.com

Konstantine G. Orfanos
ORFANOS & ALVARADO LLC
orfanoskg@yahoo.com